# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

JULIO C. PEREZ.

                                    Petitioner,

              -vs-                                   DECISION and ORDER
                                                                  05-CV-6377

UNITED STATES OF AMERICA,                             00-CR-6064

                                  Respondent.

---

## APPEARANCES

For petitioner:                          Julio C. Perez, *pro se*
                                           10541-055
                                           FCI McKean
                                           P.O. Box 800
                                           Bradford, PA 16701

For respondent:                         Everardo A. Rodriguez, A.U.S.A.
                                           United States Attorney's Office
                                           Western District of New York
                                           100 State Street, Room 620
                                           Rochester, NY 14614

## INTRODUCTION

**Siragusa, J.** This case is before the Court on defendant's motion, brought pursuant to 28 U.S.C. § 2255 (2003)[1], to vacate his sentence and the respondent's cross-motion to dismiss. For the reasons stated below, both applications are denied.

---

[1] While section 2255 is often referred to as a habeas corpus provision, such characterization is technically incorrect because, rather than authorizing the granting of a writ, the statute provides for a federal court to consider a motion that is, in effect, a continuation of the underlying criminal proceeding. *See* 28 MOORE'S FEDERAL PRACTICE § 672.02[2][b] (3d Ed. 1999). Similarly, although prisoners file motions rather than petitions to initiate section 2255 proceedings, their motion papers are generally referred to as petitions and the prisoners are referred to as petitioners. In the interests of conformity and convenience, this Court will refer to Julio C. Perez as "petitioner" and to the United States as "respondent."

## BACKGROUND

On November 29, 2001, petitioner, Julio Perez, pursuant to a written plea agreement with the respondent, pled guilty to a violation of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base and one kilogram or more of heroin). (Plea agreement (# 682) at 32.) Respondent and petitioner's counsel agreed petitioner's offense level was 35, resulting in a sentencing range of 262-327 months. (*Id*. at 18.)

Perez agreed as part of his plea deal that he would neither appeal nor collaterally attack any sentence of imprisonment of 262-327 months or less. (Plea agreement at 21.) The plea agreement was executed in open court following a plea colloquy where the Court carefully reviewed the salient terms of the agreement. (Plea transcript at 1-35.) The Court confirmed that Perez was informed of the charges, agreed to the facts that supported the charges, fully understood the material terms of the agreement and the consequences of pleading guilty, and that he had not been coerced in any way into entering the plea. (*Id*. at 34.)

On January 9, 2002, the District Court sentenced Perez to the statutory mandatory minimum term of imprisonment, 240 months, a ten year term of supervised release, a fine of $500 and a special assessment of $100. (Sentencing Transcript (# 682) at 20.) Perez did not directly appeal his conviction or sentence. On October 12, 2004, Perez filed what he captioned a "Supplemental Memorandum in Support of Motion to Vacate pursuant to 28 U.S.C. § 2255" (# 660). On August 12, 2005, upon Order of the Court, Perez filed a

response as to why his application should not be barred as untimely[2] under § 2255. Petitioner attached to his response a document captioned, "Petitioner's Brief in Support of Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, with Regarding His Claims to Relief as Stated." (# 674, at 17.) In paragraph twenty five of this document, petitioner alleges that, although he instructed his defense counsel to file an appeal, counsel failed to do so. (*Id*.) Consequently, he maintains his counsel provided ineffective assistance.

In response, the respondent filed the "Government's Motion to Dismiss and Response to Motion Pursuant to 28 U.S.C. § 2255." (# 682.) In its papers, the respondent argues its cross-application should be granted on two bases. First, the respondent contends that petitioner's claims are barred by his plea and collateral attack waiver. Second, the respondent maintains that petitioner is barred from raising his claims by procedural default.

## DISCUSSION

As to the first ground upon which the respondent seeks relief, it is well settled that plea agreements are generally enforceable when a petitioner waives the right to appeal a sentence within an agreed upon Guidelines range. *United States v. Garcia*, 166 F.3d 519, 521 (2d Cir. 1999); see also *United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998) (holding waivers of collateral attacks under § 2255 are similarly enforceable). A waiver in a plea agreement of a right to appeal or collaterally attack a sentence is enforceable if it

---

[2]Petitioner maintains that he gave his original motion to corrections officials at Federal Correctional Institution in McKean County, Pennsylvania for mailing on December 7, 2002. As a result of petitioner's allegations, the Court previously determined that it could not find that his motion was untimely. (Decision and Order to Petitioner's Response (# 676).)

was knowingly and voluntarily made. *See United States v. Rosa*, 123 F.3d 94, 97 (2d Cir. 1997). "When the respondent negotiates a plea agreement with a petitioner that includes waiver of the right to appeal, one benefit the respondent is supposed to receive . . . is freedom from having to address post-conviction arguments." *Latham v. United States*, 164 F. Supp. 2d 365, 367 (S.D.N.Y. 2001) (dismissing § 2255 petition without an extensive review of its merits because it violated a "valid and enforceable plea agreement.") "In no circumstance . . . may a petitioner, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such an agreement would render the plea bargaining process and the resulting agreement meaningless." *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993) (enforcing a plea agreement's stipulation not to appeal from a sentence falling within a specified range).

This Court finds that in petitioner's plea agreement, he explicitly waived his right to appeal or collaterally attack any sentence within or below the stipulated guideline range. (Plea Transcript (# 682) at 23.) The record of petitioner's plea hearing shows unequivocally that he understood that he could not appeal or bring a motion under § 2255 to attack a sentence within the range set forth in the agreement. (*Id.*)

Federal Rule of Criminal Procedure 11(b)(1)(N) requires that "before the court accepts a plea of guilty . . . the court must inform the petitioner of, and determine that the petitioner understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." In response to this Court's questions at the plea allocution, petitioner stated, under oath, that he had reviewed the plea agreement with his lawyer, that he understood he was waiving his right to appeal and to collaterally attack

any sentence within the guideline range, and that the waiver was a condition of the plea agreement. (*Id.*)

> COURT: Now, I want you to turn to page 10, where it says "Appeal Rights." I want you to understand this, two very important points. If, however, I get there, you end up getting 27 years or less, 27 years or less, not only can you not withdraw your plea, but also you cannot appeal; do you understand that?
>
> Petitioner: Yes, sir.
>
> COURT: However I get there, if you get 27 years or less you cannot withdraw your plea, nor can you appeal; do you understand?
>
> Petitioner: Yes, sir.
>
> COURT: Now, we read this before, and I'll read it again. On paragraph 11 it says, "This plea represents the total agreement between the petitioner, Julio Perez, and the respondent. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any prior agreements, written or oral, entered into between the respondent and the petitioner."
>
> "I have read this agreement which consists of 12 pages. I have had a fully opportunity to discuss this agreement with my attorney, Daniel J. Henry, Esq. I agree it represents the total agreement reached between myself and the respondent. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I'm signing this agreement voluntarily of my own free will, and I am signing it -- and in signing it I voluntarily and freely admit to those facts set forth in paragraph 5 of this agreement."
>
> If that's all true[,] sign the agreement. I'm handing it down to you. And I want you to know that by signing it[,] you're acknowledging in writing you understand all the terms and conditions of your plea agreement and you're entering into it voluntarily.

\* \* \*

> The Court notes Mr. Perez is signing the plea agreement and Mr. Henry is witnessing it.
>
> The Court finds, based on answers to questions put to him by the Court, based on his demeanor in answering the questions, and based on his signing of the agreement, that Mr. Perez is entering into this superseding plea agreement knowingly, intelligently, and voluntarily, and the plea is being entered knowingly, intelligently, and voluntarily.

(*Id*. at 23-25.)

Petitioner has not claimed that he entered the plea agreement unwillingly or without knowledge of the waivers. The Court finds that in all respects his waiver of appeal and collateral attack was knowingly, intelligently and voluntarily undertaken.

As to the second ground upon which the respondent seeks relief, procedural default, the respondent argues:

> A motion under § 2255 is not a substitute for an appeal and such a motion alleging claims not presented on direct appeal may not be heard unless the petitioner can show cause for his failure to raise them earlier and prejudice therefrom.
>
> * * *
>
> Notwithstanding the above, the procedural default rules do not apply to ineffective assistance of counsel claims. Since Perez pled guilty, he must show that counsel's ineffectiveness caused an involuntary plea.

(Government''s Motion to Dismiss and Response to Motion Pursuant to § 2255, at 23-24.) However, the Court disagrees with the respondent's position as to procedural default.

Recently, in *Campusano v. United States*, 442 F.3d 770 (2d Cir. 2006), the Second Circuit, in a case involving a § 2255 motion, considered whether a criminal petitioner, whose lawyer failed to file a requested notice of appeal, is entitled to a presumption of prejudice or must make the further showing that his claims would have had merit in order

to pursue a direct appeal. There, the petitioner in a federal prosecution had entered into a plea agreement which contained a promise not to appeal or otherwise challenge a sentence within a stipulated range that the district judge in fact followed in imposing sentence. Writing for a unanimous panel, Judge Sotomayor relied upon the Supreme Court's decision in *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), which held "that a lawyer who disregards [a petitioner's] specific instructions . . . to file a notice of appeal acts in a manner that is professionally unreasonable." *Id*. at 477. On the basis of that decision, the *Campusano* court held that prejudice must be presumed even if the petitioner waived his right to appeal as part of a plea agreement. *Campusano*, 442 F.3d at 771. Accordingly, the case was remanded to the district court for an evidentiary hearing to determine whether the petitioner had instructed his lawyer to file an appeal. If so, the Second Circuit directed, the petitioner must "be allowed a direct appeal." *Campusano*, 442 F.3d at 773.

Here, petitioner states in his § 2255 motion that "[f]ollowing sentencing in the present case, the petitioner instructed defense counsel to file an appeal, however, counsel failed to execute the proposed 'Notice of Appeal' in the present case." (Motion to Vacate, (# 674) at 19.)  The respondent does not dispute this assertion. Consequently, within the guidelines of *Campusano*, the Court finds that petitioner did instruct his lawyer to file an appeal which counsel failed to do, and, that petitioner must, therefore, be allowed a direct appeal. This being the case, this Court's determination as to the validity of petitioner's waiver of appeal and collateral attack is dicta, and the issue must first be resolved by the Circuit Court.

**CONCLUSION**

For the reasons stated above, petitioner's motion (# 674) and respondent's motion (# 682) are denied. However, petitioner is hereby permitted to directly appeal his conviction to the U.S. Court of Appeals for the Second Circuit. In that regard, the Court will assign new counsel.

IT IS SO ORDERED.

Dated: July 27, 2006
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge